**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 10-0171 PHX DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Rosie Cruz Leivas, | ) | |
| Defendant. | ) | |

The Indictment in this case charges Defendant Rosie Cruz Leivas with possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). It alleges that Defendant committed this crime on three separate occasions, September 15, October 21, and October 27, 2009. Dkt. #1.

On February 24, 2010, Magistrate Judge Edward C. Voss held that Defendant presented a danger to the community and should be detained pending trial. Dkt. #9. Defendant has filed a motion to revoke Judge Voss's detention order. Dkt. #13. The government has responded and Defendant has replied. Dkt. ##16, 20. The Court heard oral argument on May 13, 2010. For reasons that follow, the Court affirms Judge Voss's order.

**I.      Legal Standards.**

The Court reviews Judge Voss's decision *de novo*. *See United States v. Koenig*, 912 F.3d 1190, 1192-93 (9th Cir. 1990). The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties "and make its own independent determination whether the magistrate's findings are correct, with no deference."

*Id*. at 1193. Under the Bail Reform Act, Defendant must be detained if the Court finds that no condition or combination of conditions will reasonably assure the safety of the community or her appearance at trial. 18 U.S.C. § 3142(e). The government must prove that Defendant is a danger by clear and convincing evidence. 18 U.S.C, § 3142(f). It must prove that she is a flight risk by a preponderance of the evidence. *See United States v, Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

In this case, the Bail Reform Act establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant at trial and the safety of the community. This presumption arises from 18 U.S.C. § 3142(e)(3)(A) and the Indictment's charge that Defendant possessed methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Each of the counts against Defendant carries a minimum prison term of five years and a maximum term of 40 years. The statutory presumption imposes a burden of production on Defendant, but the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The presumption does not disappear if it is rebutted, but instead "'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

**II.    Analysis.**

Defendant proffers several facts in support of her release. Defendant has resided with her parents in Poston, Arizona, all her life. Defendant has sole custody of her three-year-old son. The child's father does not pay child support. Defendant's parents currently care for her son. Defendant was employed prior to her arrest. When tested by pretrial services, she tested negative for the use of illicit drugs. Defendant's parents, who attended oral argument with other family members, are willing to act as third-party custodians if Defendant is released. Defendant also challenges the government's evidence in this case, asserting that the government's confidential informant previously was in a romantic relationship with Defendant, was abusive to Defendant, and orchestrated the drug transactions at issue in this

case to escape his own responsibility for drug trafficking.

The government identifies several facts in response. As already noted, this is a presumption case – detention is presumed under the statute. Although this presumption has been rebutted by Defendant's production, it remains a factor to be considered. Defendant engaged in three drug transactions, each time selling significant quantities of methamphetamine. During the first transaction on September 15, 2009, her three-year-old son was present. Defendant has a significant criminal history. Although all of her crimes have been misdemeanors or tribal offenses, she has been convicted of assault, disorderly conduct, driving under the influence, and possession of narcotics. More significantly, Defendant has three convictions for contempt of court, one conviction for failure to comply with a court order, one conviction for interference with judicial proceedings, and one conviction for obstructing performance of police activities. The last conviction occurred in September of 2009, approximately six months after Defendant's conviction for possession of narcotics.

Considering the facts proffered by the parties and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes that Defendant has been shown to be a flight risk by a preponderance of the evidence. Defendant repeatedly has refused to comply with court orders and law enforcement requirements. Her disregard of such orders and requirements stretches back to 2001, and occurred as recently as last year. Defendant's history clearly suggests that she will not obey this Court's order requiring her to appear at trial. Although the Court does not doubt the sincerity of her family, and appreciates her family's traveling a great distance to show their support for Defendant, family influence has not caused Defendant to comply with court orders in the past. In addition, Defendant faces a significant period of incarceration if convicted – a period far longer than she faced when she disregarded court orders in the past. The Court also has considered as a factor the statutory presumption that no condition or combination of conditions will ensure her appearance at trial. Considering all these factors, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant

at trial.

**IT IS ORDERED:**

1. Magistrate Voss's order of detention is **affirmed**.
2. Defendant's Motion for Revocation of Detention Order Pending Trial (Dkt. #13) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on March 29, 2010 for a total of 47 days.

DATED this 14th day of May, 2010.

_____
David G. Campbell
United States District Judge